# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| RLP-LIVING DESERT, LLC,<br><br>  Plaintiff(s),<br><br>v.<br><br>MYLOR FINANCIAL GROUP, INC., et al.,<br><br>  Defendant(s). | 2:13-CV-1578 JCM (PAL) |

## ORDER

On August 29, 2013, this case was removed from Nevada state court. (Doc. #1). After reviewing the petition for removal and the statement of removal for proper jurisdiction, this court, *sua sponte*, orders defendants to show cause, explaining why this court should not remand this case to state court.

Defendant Wells Fargo Bank, N.A. ("Wells Fargo"), filed a petition for removal in response to plaintiff RLP-Living Desert, LLC's complaint asserting a quiet title claim against defendants regarding the property located at 1501 Living Desert Drive #D, Las Vegas, Nevada 89119 ("the property").

Upon review of the record, it does not appear that this court has subject matter jurisdiction over this case. Defendant Wells Fargo removed to this court under diversity jurisdiction pursuant to 28 U.S.C. §§ 1332(a) and 1441(a). Reviewing Wells Fargo's petition of removal (doc. #1), Wells Fargo's statement of removal (doc. # 8), and plaintiff's original complaint (doc. #1-2), the court is

**James C. Mahan**
**U.S. District Judge**

1  not convinced the amount in controversy requirement has been satisfied.

2        For diversity jurisdiction to exist under § 1332(a), the amount in controversy must exceed
3  $75,000. *See generally Xiao-Mei Jin v. Ben Bridge-Jeweler Inc.*, No. 2:07-cv-1587-GEB-KJN, 2009
4  WL 981600, at *1 (E.D. Cal. April 9, 2009). In a case, such as this one, involving a dispute over real
5  property, the amount in controversy can be determined by the amount of damages or the value of the
6  property that is the subject of the action. *See Hunt v. Washington State Apple Advertising*
7  *Commission*, 432 US 333, 347 (1977).

8        While Wells Fargo has made clear that Lynn Jarvinen, the former owner of the property,
9  executed a deed of trust and note in 2004 for $69,350.00 and another in 2010 for $56,347.00, it fails
10 to clearly state the value of these interests as they stand today. (*See* doc. # 2, 3). As a result of this
11 ambiguity, the court is not assured that the amount of the defendants' interest in the property or the
12 value of the property itself exceeds the minimum of $75,000.

13       Furthermore, a trustee's deed filed with the Clark County Recorder on October 15, 2013,[1]
14 conveys two relevant pieces of information.[2] First, this document states that the property was
15 purchased at a trustee's sale on October 15, 2013, by Wells Fargo for $41,000. Second, this
16 document states that, prior to the trustee's sale, the amount of unpaid debt owed to Wells Fargo was
17 $68,566.40. Given that neither the sale price of the property nor Wells Fargo's interest prior to the
18 sale exceeded $75,000, this court significantly doubts that the amount in controversy requirement
19 is met in this case.

20       Where it is not evident from the complaint that the amount in controversy exceeds $75,000,
21 the removing party must prove, by a preponderance of the evidence, that this amount meets the
22 jurisdictional threshold. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (2003).
23 It is not facially evident from plaintiff's complaint that the amount involves more than $75,000, and

---

[1] This is a publicly available document which can be found at http://gisgate.co.clark.nv.us/assessor/webimages/default.asp?appID=1&txtdocNum=201310150001776.

[2] This court exercises its prerogative to take judicial notice of this deed of trust. Fed. R. Evid. 201(b) & (c)(1) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . .can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").

**James C. Mahan**
**U.S. District Judge**

- 2 -

Wells Fargo has also failed to prove by a preponderance of the evidence that this amount exceeds $75,000.

Therefore, defendant Wells Fargo is ordered to show cause and file a supplement explaining why this court should not remand this action back to state court. Wells Fargo has fourteen days from this order to file supplemental documentation showing cause as to why the court has jurisdiction over this action.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant Wells Fargo shall file supplemental documentation showing cause as to why this court has jurisdiction over the instant action within fourteen days of the entry of this order.

DATED October 25, 2013.

_____
**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**

- 3 -