1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

James C. Mahan
U.S. District Judge

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

RLP-LIVING DESERT, LLC,

       Plaintiff(s),

v.

MYLOR FINANCIAL GROUP, INC., et al.,

       Defendant(s).

2:13-CV-1578 JCM (PAL)

### ORDER

    Presently before the court is the matter of *RLP-Living Desert, LLC. v. Mylor Financial Group, Inc. et al.*, case number 2:13-cv-1578-JCM-PAL.

    Defendant Wells Fargo Bank, USA, N.A. ("Wells Fargo") removed this action from state court pursuant to 28 U.S.C. §§ 1441 and 1446. Wells Fargo cited this court's diversity jurisdiction, 28 U.S.C. § 1332, as the basis for removal. Plaintiff is a Nevada citizen. Wells Fargo is a Delaware corporation with its principal place of business in South Dakota. Defendant Mylor Financial Group, Inc. is a California corporation with its principal place of business in California. Plaintiff has asserted only state law causes of action in this case.

    After reviewing the relevant documents, this court was unconvinced the amount in controversy exceeded $75,000, and ordered Wells Fargo to file supplemental briefing on the issue. (Doc. # 15).

. . .

Wells Fargo failed to file any supplemental briefing. After reviewing Wells Fargo's petition of removal (doc. #1), Wells Fargo's statement of removal (doc. # 8), Wells Fargo's supplement to petition for removal (doc. # 13), and plaintiff's original complaint (doc. #1-2), the court finds remand is appropriate because it does not have jurisdiction for the reasons stated *infra*.

For diversity jurisdiction to exist under § 1332(a), the amount in controversy must exceed $75,000. *See generally Xiao-Mei Jin v. Ben Bridge-Jeweler Inc.*, No. 2:07-cv-1587-GEB-KJN, 2009 WL 981600, at *1 (E.D. Cal. April 9, 2009). In a case, such as this one, involving a dispute over real property, the amount in controversy can be determined by the amount of damages sought or the value of the property that is the subject of the action. *See Hunt v. Washington State Apple Advertising Commission*, 432 US 333, 347 (1977).

While Wells Fargo has made clear that Lynn Jarvinen, the former owner of the property, executed a deed of trust and note in 2004 for $69,350.00 and another in 2010 for $56,347.00, it fails to clearly state the value of these interests as they stand today. (*See* doc. # 2 p. 3).

Furthermore, a trustee's deed filed with the Clark County Recorder on October 15, 2013,[1] conveys two relevant pieces of information.[2] First, this document states that the property was purchased at a trustee's sale on October 15, 2013, by Wells Fargo for $41,000. Second, this document states that, prior to the trustee's sale, the amount of unpaid debt owed to Wells Fargo was $68,566.40.

Where it is not evident from the complaint that the amount in controversy exceeds $75,000, the removing party must prove, by a preponderance of the evidence, that this amount meets the jurisdictional threshold. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). Given that neither the sale price of the property nor Wells Fargo's interest prior to the sale exceeded $75,000, this court finds that defendants have failed to prove by a preponderance of the

---

[1] This is a publicly available document which can be found at http://gisgate.co.clark.nv.us/assessor/webimages/default.asp?appID=1&txtdocNum=201310150001776.

[2] This court exercises its prerogative to take judicial notice of this deed of trust. Fed. R. Evid. 201(b) & (c)(1) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . .can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").

James C. Mahan
U.S. District Judge

- 2 -

1  evidence that the amount in controversy exceeds $75,000.

2  Therefore, the court will order that this matter be remanded back to state court.

3  Accordingly,

4  IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the matter of *RLP-Living

5  Desert, LLC. v. Mylor Financial Group, Inc. et al.*, case number 2:13-cv-1578-JCM-PAL, be

6  remanded back to state court.

7  DATED January 23, 2014.

**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**

- 3 -